**FILED**
**Jul 23, 2019**
**04:10 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Kevin Judy, | ) | Docket No.: 2018-01-0756 |
| Employee, | ) | |
| v. | ) | |
| Covenant Transport, Inc., | ) | State File No.: 30496-2017 |
| Employer, | ) | |
| and | ) | |
| New Hampshire Insurance Company, | ) | Judge Audrey A. Headrick |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER
## GRANTING SUMMARY JUDGMENT

This case came before the Court on July 11, 2019, on Covenant Transport, Inc.'s (Covenant's) Motion for Summary Judgment.[1] Covenant asserts that Mr. Judy did not file a Petition for Benefit Determination (PBD) until more than one year following its last payment for his claimed work injury. Thus, Covenant argues the statute of limitations expired, which entitles it to summary judgment as a matter of law.[2] For the reasons below, the Court finds Covenant is entitled to summary judgment.

### *Procedural History*

The Court summarizes the factual background to this motion as follows. Kevin Judy, an over-the-road truck driver, allegedly sustained a bilateral wrist injury from driving a rental car on either November 24 or 25, 2016. Covenant terminated him on the same day.

Mr. Judy admitted he did not notify Covenant of his injury until April 19, 2017. He claimed that he delayed notice fearing retaliation and humiliation. Mr. Judy stated he gave notice after he "got up the courage to report it."

---

[1] The Court gleaned the facts from Covenant's statement of undisputed facts, pleadings, and exhibits.

[2] Covenant also raised the issue of untimely notice. Based on the Court's holding regarding the statute of limitations, it need not address notice.

Mr. Judy went to Centra Care in April 2017 complaining of bilateral wrist pain while driving on November 24, 2016. He continued treating at Centra Care through November 20, 2017. Covenant filed a Notice of Controversy on May 12, 2017.

Mr. Judy argued that Covenant last paid medical expenses for his claimed injuries on April 13, 2018. He filed a Centra Care invoice showing that Unified Health Services (UHS) paid $72.32 to Centra Care on that date. The invoice shows that UHS received a "collection fee" from Centra Care. The invoice does not reflect from whom UHS collected the money or for which date of service the payment applied. Mr. Judy filed a July 9, 2018 e-mail from a UHS Liaison at Centra Care that confirmed receipt of payments from UHS for services from April 20 to November 20, 2017. The email did not state from whom UHS collected the payments.

Covenant disagreed with these payment dates and filed several affidavits documenting that it last paid on Mr. Judy's claim on September 1, 2017. Covenant stated it did not pay Mr. Judy's Centra Care's bills after September 1. Likewise, Covenant stated that UHS is neither its agent nor does it have a business relationship with Covenant or its third-party administrator.

Mr. Judy filed a PBD on October 23, 2018. Covenant filed this Motion for Summary Judgment, along with a statement of undisputed facts, a memorandum of law, exhibits, and several affidavits.

In response to this motion, Mr. Judy filed his own Rule 71 Declarations, responses to Requests for Admissions, a response to the statement of undisputed facts, and exhibits. Mr. Judy argued that his claim is not barred by the statute of limitations because he filed a PBD within one year of UHS's last payment to Centra Care.

Covenant countered that the undisputed facts negate essential elements of Mr. Judy's claim. Specifically, Covenant argued that Mr. Judy failed to timely notify Covenant of his injury claim as required by Tennessee Code Annotated section 50-6-201, and failed to file a PBD either within one year of his alleged November 2016 injury or within one year from the date of the last voluntary payment. It further argued Mr. Judy did not produce proof of agency or affidavits regarding UHS. Covenant maintained that summary judgment is appropriate because Mr. Judy did not respond to its motion as required by Rule 56.

*Law and Analysis*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, Covenant must either: (1) submit affirmative evidence that negates an essential element of Mr. Judy's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Covenant satisfies this burden, Mr. Judy must then establish that the record contains specific facts upon which a trier of fact could base a decision in his favor. *Rye,* at 265.

Regarding the statute of limitations, Tennessee Code Annotated section 50-6-203(b)(2) provides the right to compensation is barred unless a PBD is filed within one year from the time the employer ceased to make payments of compensation. Further, subsection (c) provides the issuing date of the last payment of compensation by the employee constitutes the time the employer ceased making payments.

Here, Covenant submitted proof that it last paid medical expenses on September 1, 2017. Mr. Judy filed a PBD over a year later on October 23, 2018. Thus, the Court holds that Covenant met its burden of negating an essential element of Mr. Judy's claim: his PBD must be filed within one year of the last payment of compensation.

Since Covenant met its burden, the Court considers whether Mr. Judy identified facts showing a genuine issue for trial. The Court finds that he did not show that Covenant made a payment within one year of his October 23, 2018 PBD filing. Instead, Mr. Judy provided documentation showing that UHS, a collection agency, paid Centra Care on April 13, 2018.

In sum, the undisputed facts establish that Mr. Judy waited more than one year after Covenant's last payment before filing his PBD. Having carefully reviewed and considered the evidence in the light most favorable to Mr. Judy, the Court holds Covenant has demonstrated that his evidence is insufficient to establish a genuine issue of material fact as to the expiration of the limitations period.

3

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Covenant's motion for summary judgment and dismisses Mr. Judy's claim with prejudice to its refiling.

2. Absent an appeal, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Covenant under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary.

4. Covenant shall pay the filing fee within five business days of the order becoming final.

5. Covenant shall file form SD-2 within ten business days of this order becoming final.

**It is ORDERED.**

**ENTERED July 23, 2019.**

Audrey A. Headrick
Workers' Compensation Judge

4

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 23, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Kevin Judy, Employee | X | X | 710-D Wyman Ct. Orlando, FL 32809 kevinsjudy@gmail.com |
| Gary Napolitan, Employer Attorney | | X | gary.napolitan@leitnerfirm.com lisa.sizemore@leitnerfirm.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant]       _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile             $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____    (FMV) _____

Other                  $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                          RDA 11082